26CA0235 Peo in Interest of Pilove 04-09-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 26CA0235
Pueblo County District Court No. 26MH30006
Honorable Amiel Markenson, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

In the Interest of Matthew Pilove,

Respondent-Appellant.

---

ORDER AFFIRMED

Division V
Opinion by JUDGE LIPINSKY
Welling and Tow, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 9, 2026

---

Cynthia Mitchell, County Attorney, Kate H. Shafer, Special Assistant County Attorney, Pueblo, Colorado, for Petitioner-Appellee

Tezak Law P.C., Mary Tezak, Florence, Colorado for Respondent-Appellant

¶ 1    Matthew Pilove appeals the district court order authorizing staff at the Colorado Mental Health Hospital in Pueblo (CMHHIP) to medicate him against his will.  We affirm.

## I.    Background

¶ 2    Pilove was admitted to CMHHIP after being found not guilty by reason of insanity in a criminal case.  According to the affidavit and testimony of Dr. Hareesh Pillai, the physician supervising Pilove's treatment, Pilove had a long history of mental illness and psychiatric hospitalizations.  Dr. Pillai testified that he diagnosed Pilove with schizoaffective disorder and that, "[w]hen not adequately treated with medications, he exhibits symptoms, including paranoia, delusional ideation, and hallucinations that affect his thinking and behavior."  In late December 2025, Pilove began refusing his psychiatric medications.  At that time, he also became agitated and aggressive toward staff and, according to the medical staff at CMHHIP, "required seclusion and restraint."  Pilove was involuntarily medicated on an emergency basis before the State petitioned for a six-month order permitting the involuntary administration of (1) Zyprexa and lithium on a daily basis and

(2) Haldol, if needed for acute agitation or if Pilove refused to take lithium orally.

¶ 3    At the evidentiary hearing in this case, Dr. Pillai testified that an involuntary medication order was warranted under the four elements set forth in *People v. Medina*, 705 P.2d 961 (Colo. 1985), because (1) Pilove is incompetent to effectively participate in his treatment decisions; (2) the requested medications are necessary to prevent a significant and likely long-term deterioration in his mental health condition and to prevent the likelihood that he would pose a serious risk of harm to himself and others; (3) a less intrusive treatment alternative is not available; and (4) Pilove's need for treatment with psychiatric medications outweighs any bona fide interest in refusing treatment. *See id.* at 973. The district court found that Dr. Pillai's testimony was credible and persuasive and adopted his opinions. Pilove testified that he objected to taking the requested medications because (1) using drugs to treat mental illness is contrary to his Rastafarian religious beliefs; and (2) Zyprexa causes him to become hungry and have an increased appetite, and lithium makes him sleepy and "a little more depress[ed]." The district court concluded that Dr. Pillai's affidavit

2

and testimony provided clear and convincing evidence for each of the four *Medina* elements. It therefore authorized CMHHIP staff to administer the requested medications to Pilove involuntarily.

## II. Discussion

¶ 4     On appeal, Pilove only challenges the sufficiency of the evidence supporting the fourth *Medina* element — whether his need for treatment is sufficiently compelling to override his bona fide and legitimate interest in refusing treatment. *See id.* Pilove's sole argument is that the district court erred by finding he had not demonstrated a bona fide and legitimate interest in refusal.

¶ 5     The record refutes the factual basis for Pilove's argument. In both its ruling from the bench at the evidentiary hearing and its written order, the district court found that Pilove's interest in refusal *was* bona fide and legitimate based on his "religious preference" and the alleged side effects he described. But in applying the fourth *Medina* element, the court found by clear and convincing evidence that Pilove's prognosis without treatment was so unfavorable that his "personal preference must yield" to the state's "legitimate interest in preserving" his "life and health" and protecting the safety of those in CMHHIP. *Id.* at 974. The court

3

pointed to Dr. Pillai's testimony that, without medication, Pilove was at risk of significant long-term deterioration.  The court specifically noted Pilove's suicide attempts; refusal to eat at times, which required placement of a feeding tube; aggressiveness toward others; and inability to care for himself.  Because ample evidence in the record supports the district court's findings and conclusion regarding the fourth *Medina* element, we perceive no basis for reversal.  *See People in Interest of A.J.L.*, 243 P.3d 244, 255 (Colo. 2010).

## III.    Disposition

¶ 6      The order authorizing the involuntary administration of psychiatric medication is affirmed.

JUDGE WELLING and JUDGE TOW concur.